**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

CHARLENE RUDDE,

Plaintiff,

vs.

MICHAEL J. ASTRUE,[1]
Commissioner,
Social Security Administration,

Defendant.

Case No. 05-CV-632-FHM

**ORDER**

Plaintiff, Charlene Rudde, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits. In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

**II. STANDARD OF REVIEW**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Effective February 1, 2007, pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue, Commissioner of Social Security Administration, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## II. BACKGROUND

Plaintiff's applications for disability benefits (SSI, May 20, 1999, and DIB July 1999) received a partially favorable decision from an Administrative Law Judge (ALJ) on February 2, 2001. The ALJ found Plaintiff was disabled as of July 20, 2000. That decision was appealed to the District Court and remanded for further consideration. [R. 492]. On remand a hearing was held before ALJ Keith L. Stanley on July 5, 2005. By decision dated August 25, 2005, the ALJ found that Plaintiff was disabled as of May 20, 2000, but not before. [R. 490]. The ALJ's findings are the subject of this appeal.

Since the ALJ found Plaintiff qualified for disability benefits as on May 20, 2000, the time frame under consideration is the 15 month period from Plaintiff's alleged date of onset, February 14, 1999, through May 19, 2000. The ALJ found that Plaintiff has multiple sclerosis which causes significant pain and limitation. He found, however, that the impact of Plaintiff's multiple sclerosis has changed over time and that the medical record reflects that the impact of the condition was milder at the alleged onset date of February 14, 1999. [R. 485]. The ALJ found that from February 14, 1999 through May 19, 2000, Plaintiff was capable of performing a "limited range of work at the sedentary exertional level." [R. 487]. Specifically, the ALJ found that with some environmental restrictions, Plaintiff could lift and

carry up to 10 pounds, could stand and walk 30 minutes at a time for a total of 2 hours in an eight-hour workday and could sit for 6 hours in an eight-hour workday. *Id*.

In reaching this conclusion, the ALJ stated he relied upon a consultative examination conducted September 1999 which demonstrated Plaintiff had a slight limp, but walked with normal gait, speed, stability and safety. The consultative examiner also found Plaintiff to have dexterity of gross and fine manipulation. The ALJ also noted that Plaintiff's medical treatment in mid and late 1999 was minimal and the only medication she was taking was for hypertension. In addition, the ALJ took into account that Plaintiff began working, albeit part-time and at a level that does not qualify as substantial gainful activity, on December 15, 1999. *Id*. The ALJ noted that the medical records reflect that Plaintiff's condition began deteriorating in mid 2000. He referred to a letter from Plaintiff's employer, dated August 22, 2000, [R. 419], in which the employer reported that Plaintiff's condition had deteriorated over the last two months. The employer noted that Plaintiff had always had difficulty walking and standing for long periods, but those difficulties had become worse and had caused Plaintiff to miss work routinely as of June 2000. *Id*.

Based on the testimony of a vocational expert, the ALJ determined that although Plaintiff could not perform any of her past relevant work, with these restrictions there are a significant number of jobs in the national economy that Plaintiff could perform. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 .2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff claims to have been disabled beginning February 14, 1999. The ALJ found Plaintiff was not disabled during the period of time from February 14, 1999 through May 19, 2000. Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ: failed to properly assess her residual functional capacity (RFC); failed to properly evaluate the onset date; erred in finding she could perform work in the economy; and improperly evaluated her credibility.

The Court concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence. Therefore the Commissioner's denial of benefits is AFFIRMED.

## IV. ANALYSIS

### RFC Evaluation

Plaintiff argues that the decision should be reversed because the ALJ failed to include limitations related to Plaintiff's use of her hands to grasp and perform fine manipulation and limitations related to fatigue. However, the medical record does not demonstrate that from February 14, 1999 to May 19, 2000, Plaintiff experienced those limitations to the degree she alleges.

The citations to the medical record Plaintiff uses to support the hand limitations are dated 1992, [R. 259], and August 2000, [R. 406], outside the relevant time frame. Plaintiff also relies on the testimony of her daughter, who related that Plaintiff dropped things, including her cane. [R. 464]. However, Plaintiff did not begin using a cane until May 2000, which is when the ALJ found her disability began. In September 1999, the consultative examiner reported "[d]exterity of gross and fine manipulation is present." [R. 358]. He also

found that Plaintiff can effectively oppose the thumb to the fingertips, manipulate small objects, and can effectively grasp tools such as a hammer. [R. 361]. The Court finds that the ALJ's RFC regarding Plaintiff's hand use is supported by the medical record.

Plaintiff also argues that the ALJ failed to consider evidence of fatigue. The citations to the medical record Plaintiff uses to support her allegations of extreme fatigue take place well before the alleged onset date. November 1996, [R. 203], March 1997, [R. 237], and August 1994, [R. 250]. Plaintiff testified to fatigue, [R. 454, 641], and complained of fatigue to the consultative examiner in September, 1999, [R. 357]. Those statements are matters of credibility, which are addressed later in this Order.

**Evaluation of Disability Onset Date**

Plaintiff argues that the ALJ failed to follow the requirements of Social Security Ruling (SSR) 83-20, which deals with determining the onset date of disability and requires consideration of the claimant's allegations, work history, medical and other evidence. The Ruling instructs that the date alleged by the individual should be used if it is consistent with all the evidence available, however the onset date must be based on the facts and can never be inconsistent with the medical evidence of record. The Court finds that the ALJ followed the requirements of SSR 83-20 and appropriately explained his rationale which included: reliance on medical findings; Plaintiff's activities, including part-time work; the contemporaneous statement of her employer, dated August, 2000, which indicated Plaintiff suffered increased difficulties over the "last two months;" and her use of a cane beginning in May 2000.

Plaintiff also argues that the case should be remanded because the ALJ failed to call a medical advisor concerning her onset date as required by SSR 83-20 which provides that an ALJ should call on the services of a medical advisor when an onset date is of non traumatic origin and must therefore be inferred. Applying SSR 83-20, the Tenth Circuit has held that "a medical advisor need be called only if the medical evidence of onset is ambiguous". *Reid v. Chater*, 71 F.3d 372, 374 (10th Cir. 1995). In *Blea v. Barnhart*, 466 F.3d 903, 912 (10th Cir. 2006), the Court stated the issue of whether the ALJ erred in failing to call a medical advisor turns on whether medical evidence clearly documented the progression of Plaintiff's conditions. The Court finds that the medical evidence of onset is not ambiguous.

The medical record reflects that Plaintiff was seen by a doctor for various complaints in the months preceding her alleged onset date and during the relevant time frame.[2] These records do not reflect any complaints of the leg weakness, fatigue, vision or hand problems that Plaintiff claims were disabling during the February 14, 1999 to May 19, 2000 time frame. Also, during the relevant time frame, on September 21, 1999, a consultative examination was performed. The consultative examiner recorded that Plaintiff complained of pain in her hips and legs, but there are no recorded complaints regarding use of her hands or concerning her vision. The consultative examiner observed Plaintiff to have no joint deformities, no muscle atrophy, a right sided limp but normal gait to speed, stability,

---

[2] Abdominal pain, September 23, 1998, [R. 344]; endometrial biopsy and uterine fibroids, August 1998, [R. 345-47]; abdominal pain, September 23, 1998 [R. 344]; menstrual problems, October 28, 1998, [R. 343]; sinus problems, December 11, 1998, [R. 342]; hypertension and abdominal pain, March, 1999, [R. 341]; hypertension and knee pain, May 26, 1999, [R. 340].

and safety. In addition, he observed Plaintiff to have dexterity of gross and fine manipulation. [R. 357-58].

Consistent with the onset of disabling limitations after the ALJ's May 20, 2000, onset date, a history and physical completed in connection with a hospitalization on August 23, 2000, reports that Plaintiff "recently has experienced worsening of her symptoms pertaining to both her right and left legs." [R. 405, emphasis supplied]. The same report states that Plaintiff denied visual symptoms and had no difficulty with balance or clumsiness except for the numbness that has been noted in the left hand and that in the past Plaintiff experienced numbness in her hands. [R. 406]. A physician's note dated July 20, 2000, states that two weeks ago Plaintiff complained of right leg numbness and weakness, difficulty walking and right foot numbness. [R. 417].

Based on the fact that the medical records developed during the relevant time frame reflect other complaints but do not reflect complaints of the limitations which Plaintiff alleges were disabling at the time and based on the description of those complaints in later records as being of recent onset, the Court finds that the record contains clear evidence documenting the progression of Plaintiff's condition so that the ALJ was not required to consult a medical advisor to establish the onset date.

**Credibility Evaluation**

Plaintiff argues that the ALJ's finding that Plaintiff was only partially credible is infirm because the ALJ did not specify what portions of her testimony he found credible and also because the credibility determination lacks the required specificity. She argues that the factors named by the ALJ for his credibility determination were not appropriately considered.

It is clear from the ALJ's decision that he found that Plaintiff's allegations of disability during the time frame from February 14, 1999 to May 19, 2000 were not credible. [R. 486]. Further, the ALJ gave particular reasons for that finding: during that time Plaintiff was working part-time and was not using a cane; beginning in May 2000 Plaintiff began using a cane and began struggling at work; medical examinations in mid 2000 and 2001 showed Plaintiff had impaired gait, weakness and numbness in both hands, difficulty with bladder control, intermittent blurred vision, and persistent fatigue. [R. 486]. Those factors are all supported by the record.

"Credibility determinations are peculiarly the province of the finder of fact, and [the Court] will not upset such determinations when supported by substantial evidence." *Diaz v. Sec'y of Health & Human Servs.,* 898 F.2d 774, 777 (10th Cir.1990). However, a credibility determination "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir.1995) (quotation omitted). Since the ALJ properly linked his credibility finding to the record, the Court finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determinations. *James v. Chater,* 96 F.3d 1341, 1342 (10th Cir. 1996) (witness credibility is province of Commissioner whose judgment is entitled to considerable deference).

**Step 5 Determination**

Plaintiff argues that the case should be reversed because the ALJ's hypothetical questioning to the vocational expert failed to include limitations on her ability to use her hands and to maintain attention and concentration on a sustained basis. *Hargis v. Sullivan,* 945 F.2d 1482, 1492 (10th Cir. 1991) provides that "testimony elicited by hypothetical

questions that do not relate with precision all the claimants' impairments cannot constitute substantial evidence to support the Secretary's decision." However, in posing a hypothetical question, an ALJ need only set forth those physical and mental impairments which are accepted as true by the ALJ. See *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990). As previously discussed, the record does not support Plaintiff's claimed inability to use her hands and extreme fatigue during the February 14, 1999 to May 19, 2000 period. Accordingly, the ALJ did not commit error by failing to include those limitations in Plaintiff's RFC or in the hypothetical questioning to the vocational expert.

**V. CONCLUSION**

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled from February 14, 1999 to May 19, 2000 is AFFIRMED.

SO ORDERED this 13th day of February, 2007.

Frank H. McCarthy

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE